JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sequoia Equities-Hidden Hill <br><br> v. <br><br> Gomez et al <br><br> **PLAINTIFF(S)** <br><br> **DEFENDANT(S)** | **CASE NUMBER** <br><br> 8:25-cv-01942-DOC-DFM <br><br> **ORDER ON REQUEST TO PROCEED** <br> *IN FORMA PAUPERIS* <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

September 9, 2025                                            *David O. Carter*
_____                    _____
Date                                                                   United States District Judge

CV-73 (07/22)                    ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

Jose Gomez, a Defendant in an unlawful detainer (eviction) action in California
state court, filed a Notice of Removal of that action to this Court and a request to proceed in forma pauperis ("Request").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. Fifty Associates v. Prudential Insurance Company of America, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant has not met his burden of demonstrating that removal is proper. The underlying complaint alleges a claim for unlawful detainer under state law. Bank of Am., Nat'l Ass'n v. German, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); Cooper v. Washington Mut. Bank, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."). Defendant argues that this Court has federal question jurisdiction under the Protecting Tenants at Foreclosure Act (PTFA). See Notice of Removal.

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). Here, Plaintiff's complaint does not allege or plead any claim raising a federal question. Therefore, Plaintiff's complaint fails to plead that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. That the action at issue may be governed, in part, by the PTFA does not mean the action arises under federal law. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

Accordingly, there is no federal question presented by this action. Additionally, there is not diversity of citizenship, and the Defendants do not assert diversity jurisdiction. 28 U.S.C. § 1332.

Accordingly, the Request is DENIED and this action is REMANDED to the Orange County Superior Court. See 28 U.S.C. § 1447(c).

*(attach additional pages if necessary)*